# Frantz *v*. Lehigh Valley Railroad Company, Appellant.

*Landlord and tenant—Lease—Oral lease—Eviction.*

In an action by a tenant against a landlord for a wrongful eviction, a verdict and judgment for the plaintiff will be sustained, where it appears that the parties had entered into a written lease containing certain covenants for its termination, that the tenant had never entered into possession of the premises described in the lease, but subsequently made an oral agreement under which he took possession of an entirely different piece of ground, and that the evidence as to what were the terms of the oral agreement as to its termination, is conflicting.

Argued Jan. 8, 1906. Appeal, No. 12, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 891, on verdict for plaintiff in case of D. E. Frantz v. The Lehigh Valley Railroad Company. Before RICE, P. J., PORTER, MORRISON, HENDERSON, ORLADY, BEAVER and HEAD, JJ. Affirmed.

Trespass to recover damages for wrongful eviction.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,220.75. Defendant appealed.

344 FRANTZ v. LEHIGH VALLEY R. R. CO., Appellant.

Assignment of Error—Opinion of the Court. [30 Pa. Superior Ct.

*Error assigned* was in refusing binding instructions for defendant.

: *J. B. Woodward,* of *Woodward, Darling & Woodward,* for appellant.—Where a lessee for years holds over after the expiration of his term, he is a tenant from year to year subject to all the covenants and stipulations contained in the original lease so far as they are compatible with a yearly holding: Hughes v. Lillibridge, 8 Pa. Dist. Rep. 358.

· *S. J. Strauss,* with him *Thos. F. Farrell,* for appellee, cited: Smith v. Pringle, 100 Pa. 275; McClintock v. Loveless, 5 Pa. Dist. Rep. 417.

OPINION BY HEAD, J., March 12, 1906:

The plaintiff, D. E. Frantz, brought this action of trespass to recover damages from the defendant by reason of his forcible eviction from the premises described in his statement, and the injury to his property incident thereto, claiming that at the time of his eviction he was the tenant of defendant, in lawful possession of the premises.

The facts of the case, about which there is no serious dispute, may be briefly stated thus: Prior to 1895 the Wilkes-Barre and Harvey's Lake Railroad Company was the owner of certain lands in Luzerne county at Harvey's lake, which were used as picnic and pleasure grounds.

The plaintiff desired to lease a small portion of this ground upon which to construct what is called in the testimony a " carousal " consisting of a " merry-go-round " and other devices to amuse. the people. By an agreement in writing dated March 25, 1895, duly executed by both the parties, the said railroad company, as lessor, demised and let unto the plaintiff, a portion of said ground, in the lease fully and specifically described, for the term of two years from and after April 1, 1895, at an annual rental of $50.00 per year, payable semi-annually in advance. The lease contained, among other things, certain covenants for its termination by the lessor under conditions prescribed and for the retaking of possession in case of such termination.

On or about April 15, 1895, when the plaintiff was ready to

take possession of the leased premises and after he paid the first semiannual installment of rent, he and Alexander Mitchell, the superintendent of the defendant company, which had succeeded to the rights of the original lessor, met on the ground. At that time, as both parties concede, some new arrangement or agreement was arrived at. It was not put in writing and signed and no memorandum of it in writing appears to have been made or kept by either party. No witness was present to hear its terms. As a result of it, however, the plaintiff was not put in possession of the premises described in the written lease, but did take possession of an entirely different piece of ground and constructed his improvements thereon. He remained in undisturbed possession until 1903. During all this time the defendant, on or about the first days of April and October in each year, made out bills for semiannual installments of rent at the rate of $50.00 per annum which, when paid, were returned to plaintiff as receipts. Not one of the number offered in evidence contains anything to show what was the arrangement under which plaintiff was holding. It may here be noted that the last bill rendered, in October, 1902, was exceptional in that it demanded $50.00, a full year's rental from October, 1902, to October, 1903, which the plaintiff paid without question.

On February 5, 1903, the defendant caused to be served on the plaintiff a written notice of its intention to terminate his tenancy, "upon the expiration of three months from the date of service of this notice." Such a notice was provided for in the sixth paragraph of the original written lease. The plaintiff still retaining his possession, the defendant on June 9, 1903, by its servants and employees, went upon the property and took down and removed the buildings and machinery of the plaintiff from the premises and piled them on other ground belonging to it alongside its railroad tracks. The plaintiff then brought this action and at the trial proved by evidence the facts substantially as herein stated, and the extent of his injury. The defendant, admitting its receipt of the rent from October, 1902, to October, 1903, its re-entry on the premises, its eviction of the plaintiff and the removal of his property, sought to justify these acts by contending that the arrangement made by plaintiff and Mitchell on April 15, 1895, when pos-

session was taken, only contemplated a change in the location of the demised premises, substituting the piece of ground actually occupied for the one described in the written lease, and that the understanding was that in all other respects that lease, with all its covenants, was to remain in force and be applicable to the new subject-matter.

A number of letters from plaintiff to defendant and replies thereto were put in evidence which showed, as the defendant contended, such clear admissions by the plaintiff that he was holding under the written lease of March 25, 1895, as to warrant the court in withdrawing the case from the jury and holding as matter of law that the written lease with all its covenants was the living subsisting contract between the parties, although the ground in dispute was not mentioned in the lease at all. By its sixth point it asked the learned trial judge to so hold, and his refusal to do so is the single assignment of error in the case.

The written lease by its own terms was wholly irrelevant to the present controversy. It did not embrace or apply to the piece of ground now in dispute, and when written and signed was not so intended by the parties. Only by some subsequent action of both parties expunging from it the portion of it descriptive of its subject-matter, and substituting another description therefor could it be brought into this case at all. That there was a subsequent agreement is conceded, but it is also a fact that the parties were content to leave it in parol.

The letters of the plaintiff were doubtless proper evidence to aid the jury in determining what the parol agreement really was. They did not purport, in and of themselves, to be the contract. They were written long after that contract had been, in fact, made.

We are of the opinion the learned trial judge was clearly right in submitting the case to the jury with instructions to determine from all the evidence what the parties had agreed to when possession was taken. No complaint is made as to the manner of the submission and we think the charge of the court presented the case of the defendant in as favorable a light as it had a right to expect.

The defendant having left the vital and essential part of its contract in parol cannot justly complain because the court de-

clined to treat it as if it had been fully reduced to writing and signed by the parties. For these reasons the assignment of error cannot be sustained.

Judgment affirmed and appeal dismissed at the cost of appellant.